UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-cv-00307-MOC-WCM

| | | |
|---|---|---|
| **EVERETT SELLERS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **WHOLE FOODS MARKET GROUP, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint. While defendant has moved to dismiss under Rule 12(b)(6) plaintiff's assertion of the Last Clear Chance and *Res Ipsa Loquitor* doctrines in his Amended Complaint (#10), the Court finds that Rule 12(b)(6) is not an appropriate vehicle to challenge either assertion.[1]

First, *Res Ipsa Loquitor* is an evidentiary doctrine and not a cause of action. Rogers v. Dow Agrosciencses, LLC, 4:06CV00015, 2006 WL 3147393, at *2 (W.D. Va. Oct. 31, 2006) (holding that as to a motion to dismiss an assertion of *Res Ipsa Loquitur*, it "can neither be denied nor granted as *Res Ipsa Loquitur* is an evidentiary doctrine, and not a cause of action."). While defendant can certainly argue at the close of plaintiff's evidence that plaintiff should not be allowed to argue that theory to a jury because the evidence does not support it, a Rule 12(b)(6) vehicle is not an appropriate vehicle for challenging such assertion.

---

1      Under Rule 12(f), Federal Rules of Civil Procedure, the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Striking a pleading is a drastic remedy. Augustus v. Board of Public Instruction of Excambia County, Florida, et al., 306 F.2d 862, 868 (5th Cir.1962). Clearly, the pleadings here are sufficient.

Second, the doctrine or affirmative defense of Last Clear Chance is equally non-susceptible to dismissal under Rule 12(b)(6). Clearly, plaintiff has pled this as an affirmative defense to defendant's assertion of contributory negligence. Thus, Rule 12(b)(6) does not operate to challenge plaintiff's responsive defense, which may be addressed at the conclusion of the presentation of plaintiff's case-in-chief if defendant carries its burden of showing contributory negligence, alleged as an affirmative defense rather than a counterclaim, during plaintiff's case-in-chief.

Finally, it is readily apparent that these two doctrines are pled in the alternative to plaintiff's principle claims that plaintiff's negligence was the sole and proximate cause of his injuries. Alternative and even inconsistent pleading is not only acceptable, it is envisioned and allowed by Rules 8(d)(2) and (d)(3) of the Federal Rules of Civil Procedure.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (#14) is **DENIED**.

Signed: February 4, 2019

Max O. Cogburn Jr
United States District Judge