# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18 CV 307

| | |
|---|---|
| **EVERETT SELLERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **ORDER** |
| ) | |
| **WHOLE FOODS MARKET GROUP, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

This matter is before the Court on Defendant's Motion to Transfer Venue (Doc. 7). The issues have been fully briefed, and the matter is ripe for ruling. For the reasons set forth below, the Motion is denied.

## I.     Procedural Background

On August 27, 2018, Plaintiff filed his Complaint in the Superior Court Division of the General Court of Justice of Jackson County, North Carolina. See (Doc. 1-1).

Defendant removed the case to the Western District of North Carolina, Charlotte Division, on October 26, 2018 based on diversity jurisdiction. The case was then transferred to the Asheville Division.

On November 9, 2018, Defendant filed its Answer (Doc. 6).

On November 20, 2018, Defendant filed the instant Motion to Transfer Venue (Doc. 7) and a supporting brief (Doc. 8). Plaintiff later filed a response (Doc. 12) and Defendant replied (Doc. 13). Plaintiff also filed, with leave of Court, a sur-reply (Doc. 19).

Other filings were interspersed with the parties' submissions concerning the Motion to Transfer Venue, including an Amended Complaint (Doc. 10) and a partial motion to dismiss, which motion was denied by the presiding District Judge (Doc. 20).[1]

## II.  Factual Background

A summary of the facts, as set forth in Plaintiff's Amended Complaint (Doc. 10), is as follows:

Plaintiff is a resident of Jackson County, North Carolina, and Defendant is a Delaware corporation that conducts business in Braselton, Georgia.  Am. Compl. (Doc. 10) ¶¶ 1, 2, 7.  Plaintiff contends that Defendant has significant contacts with the state of North Carolina, "including but not limited to owning and/or operating fifteen stores in North Carolina . . . operating commercial motor vehicles on the roads and highways throughout North Carolina . . . and sell[ing] other products . . . with other entities in North Carolina."  Id. ¶ 3.

On September 28, 2015, Plaintiff, an employee of Grant & Holden, Inc., was

---

[1] In the context of this particular matter, the undersigned does not find that Defendant's Motion to Transfer Venue should be re-filed and re-briefed in light of the filing of Plaintiff's Amended Complaint.  See Locklair v. Conair Corp., Inc., No. 2:18-CV-3514-DCN, 2019 WL 1316091, at *1 (D.S.C. Mar. 22, 2019) (pending motion to dismiss mooted by amended complaint, therefore court only considered motion to transfer).  The parties continued briefing the Motion to Transfer Venue after the filing of the Amended Complaint, and the outcome of the Motion is the same regardless of whether the Complaint or the Amended Complaint is considered.

directed by his employer to pick up a loaded commercial trailer that contained bales of "bundled cardboard" from Defendant's Distribution Center located in Braselton, Georgia. Id. ¶¶ 7, 8. Employees at the Distribution Center had loaded the trailer with the bales prior to Plaintiff's arrival and left the trailer parked outside of the security gates of the Distribution Center "on an incline and/or hill" for Plaintiff to pick up. Id. ¶¶ 8, 10, 11.

Plaintiff arrived at the Distribution Center after it had closed and attached his tractor to the loaded trailer. Id. ¶¶ 13, 14. Plaintiff transported the trailer to Jackson County, North Carolina. Id. When he arrived at Jackson Paper Manufacturing in Sylva, North Carolina, Plaintiff opened the doors of the trailer and two bales of cardboard fell out and onto Plaintiff, crushing his pelvis. Id. ¶¶ 14, 16.

Plaintiff has asserted the following claims: (1) Negligence; (2) Negligent Hiring, Training, and Supervision; (3) Res Ipsa Loquitur; and (4) Last Clear Chance. See id.

### III. Legal Standard

Title 28 U.S.C. § 1404(a) allows a case to be transferred for the convenience of the parties and witnesses, and in the interest of justice, to any jurisdiction where the matter "might have been brought." Van Dusen v. Barrack, 376 U.S. 612, 613 (1964). The decision to transfer a matter pursuant to § 1404(a) is discretionary. See Akers v. Norfolk & Western Railway Co., 378 F.2d 78, 80 (4th Cir. 1967).

The burden of persuasion is on the movant to show "(1) more than a bare balance of convenience in [its] favor and (2) that a transfer does more than merely shift the

inconvenience." Datasouth Computer Corp. v. Three Dimensional Tech., Inc., 719 F. Supp. 446, 451 (W.D.N.C. 1989) (quotation omitted, and alteration added).

The following factors are reviewed when a motion to transfer is considered:

(1) The plaintiff's initial choice of forum;

(2) The residence of the parties;

(3) The relative ease of access of proof;

(4) The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;

(5) The possibility of a view;

(6) The enforceability of a judgment, if obtained;

(7) The relative advantages and obstacles to a fair trial;

(8) Other practical problems that make a trial easy, expeditious, and inexpensive;

(9) The administrative difficulties of court congestion;

(10) The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and

(11) The avoidance of unnecessary problems with conflict of laws.

Wiener v. AXA Equitable Life Ins. Co. LLC, No. 3:18-CV-106-RJC-DSC, 2018 WL 3398161 at *2 (W.D.N.C. July 12, 2018) (citing Jim Crockett Promotions, Inc. v. Action Media Grp., Inc., 751 F. Supp. 93, 96 (W.D.N.C. 1990)). The Court must weigh these factors in a qualitative, not quantitative, fashion. Crockett, 751 F. Supp. at 96.

When conducting this analysis, the factors are categorized as follows: (1) those that

favor neither party, (2) those that favor transfer, and (3) those that weigh against transfer. See Liesman v. Weisberg, No. 3:17-CV-660, 2018 WL 3242691, at *3 (W.D.N.C. July 3, 2018).

**IV.     Discussion**

The relevant factors are discussed below, in series.

**A.     Plaintiff's initial choice of forum.**

Plaintiff, a resident of North Carolina, initially filed this matter in state court in Jackson County, North Carolina; it was later removed to this Court by Defendant. Although not determinative, Plaintiff's choice of forum carries considerable weight. Husqvarna AB v. Toro Co., No. 3:14–cv–103-RJC-DCK, 2015 WL 3908403, at *2 (W.D.N.C. June 25, 2015). Therefore, this factor weighs against transfer.

**B.     The residence of the parties.**

Plaintiff is a resident of Jackson County, North Carolina, while Defendant is a Delaware corporation. This factor weighs against transfer. See Liesman, 2018 WL 3242691, at *9 (categorizing this factor in favor of Plaintiff, where he resided in North Carolina and Defendant in Virginia).

**C.     The relative ease of access of proof.**

This dispute arises out of the alleged negligence of Defendant's employees in Braselton, Georgia; thus, Defendant argues that this factor weighs in favor of transfer. Alternatively, Plaintiff argues that the medical evidence needed to substantiate his injuries

5

is in the possession of non-party medical providers in North Carolina. As the "burden would merely be shifted" from Defendant to Plaintiff if this case were transferred, this factor is neutral. Liesman, 2018 WL 3242691, at *9 (categorizing the third and fourth Crockett factors as neutral because the evidence did "not reside in one district alone").

> **D.** **The availability of compulsory process for the attendance of witnesses and the costs of obtaining attendance of willing witnesses.**

Defendant argues that many of its necessary witnesses work and reside in Georgia and would be inconvenienced by this action remaining in the Western District of North Carolina. Plaintiff contends that his non-party witnesses work and reside in western North Carolina. In short, either Defendant's witnesses must travel from northern Georgia to the Western District of North Carolina, or Plaintiff's witnesses from western North Carolina to the Northern District of Georgia. This factor favors neither party because the "burden would merely be shifted" from Defendant to Plaintiff. Liesman, 2018 WL 3242691, at *9.

> **E.** **The possibility of a view.**

Defendant argues the jury may need to view the location where the trailer was loaded and parked at the Distribution Center in Georgia. Plaintiff argues that a view of the location where Plaintiff unloaded the truck in Jackson County should be equally relevant. The undersigned is not persuaded that, given the photographic, video, or other evidence that presumably could be presented, there is a significant possibility that a jury view of either location will be needed. Accordingly, this factor is neutral.

### F. The enforceability of a judgment, if obtained.

Defendant is an international corporation with stores in both North Carolina and Georgia. Therefore, Plaintiff can likely enforce a judgment in either forum. Accordingly, this factor is neutral.

### G. The relative advantages and obstacles to a fair trial.

Plaintiff maintains that Defendant would be afforded a "home field" advantage if this case were transferred to the Northern District of Georgia because Defendant is a large employer in that area. Defendant also has fifteen stores in North Carolina, including two in Asheville. That is, while Plaintiff has little connection to Georgia, Defendant has substantial connections to both states. Consequently, this factor weighs against transfer or, at best, is neutral. See Liesman, 2018 WL 3242691, at *10; see also Rice v. Bellsouth Adver. & Pub. Corp., 240 F. Supp. 2d 526, 530 (W.D.N.C. 2002) (recognizing this Crockett factor as neutral, since "in either forum, one party may be considered the outsider, while the other may have a 'home field' advantage").

### H. Other practical problems that make a trial easy, expeditious, and inexpensive.

Defendant appears economically better positioned to litigate this case in a distant forum than Plaintiff. See Bates v. J.C. Penney Co., Inc., 624 F. Supp. 226, 228–29 (W.D.N.C. 1985) (noting that the additional expense and physical burden to the plaintiffs to litigate in a distant forum might result in the termination of the lawsuit, whereas Defendant, a corporation doing business in many states, "would not be precluded by

economic considerations from proceeding in North Carolina"). Accordingly, this factor weighs against transfer.

**I.** **The administrative difficulties of court congestion.**

The parties cite statistics for this district and those for the Northern District of Georgia. Defendant points out that the median time from filing to disposition in this district is approximately 8.7 months, as compared with 6.7 months in the Northern District of Georgia, according to the U.S. District Courts Combined Civil and Criminal Federal Court Management Statistics (Sept. 30, 2018). Plaintiff notes that the median time from filing to trial is 23.3 months for this district, as compared with 27 months for the Northern District of Georgia, according to the U.S. District Courts Combined Civil and Criminal Federal Court Management Statistics (Sept. 30, 2018).

As these statistical differences are not appreciable, and further considering the current status of this matter in this district, this factor weighs against transfer or, at best, is neutral.

**J.** **The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action.**

As noted, the negligence of Defendant's employees, if any, relative to the loading of the trailer allegedly took place in Georgia, while Plaintiff, a North Carolina resident, incurred his injuries in North Carolina, and apparently underwent medical treatment for those injuries in North Carolina.

With respect to applicable law, a federal court sitting in diversity must apply the choice-of-law rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). North Carolina courts apply the *lex loci delicti commissi* rule, which provides that "for actions sounding in tort, the state where the injury occurred is considered the situs of the claim." Synovus Bank v. Coleman, 887 F. Supp. 2d 659, 669 (W.D.N.C. 2012) (citing Boudreau v. Baughman, 368 S.E.2d 853-54 (N.C. 1988)); see Hensley v. Nat'l Freight Transp., Inc., 668 S.E.2d 349, 351 (N.C. Ct. App. 2008) ("The law of the place where the injury occurs controls tort claims[.]"). As Plaintiff incurred his injuries in Jackson County, North Carolina law will apply.

Therefore, this factor weighs against transfer.

**K.     The avoidance of unnecessary problems with conflict of laws.**

As no conflict of laws problems are anticipated, this factor weighs against transfer.

**V.    Conclusion**

Having weighed the applicable factors, the Court does not find that transfer of this matter to the Northern District of Georgia is warranted. Therefore, Defendant's Motion to Transfer Venue (Doc. 7) is **DENIED**.

Signed: April 2, 2019

W. Carleton Metcalf
United States Magistrate Judge