**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:18cv307-MOC-WCM**

| | |
|---|---|
| **EVERETT SELLERS,**<br><br>                       **Plaintiff,**<br><br>      v.<br><br>**WHOLE FOODS MARKET GROUP, INC.,**<br><br>                      **Defendant.** | **CONSENT ORDER FOR DETERMINATION OF WORKERS' COMPENSATION LIEN** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Determine Workers' Compensation Lien pursuant to N.C.G.S. § 97-10.2(j). (Doc. No. 47).

IT APPEARING to this Court that this Motion and Order concerns Plaintiff's claims against Defendant;

AND IT FURTHER APPEARING that Plaintiff and Plaintiff's employer and its worker's compensation carrier have entered into an agreement regarding the worker's compensation lien pursuant to N.C.G.S. § 97-10.2(j) with respect to the settlement with Defendant;

**NOW THEREFORE, THE COURT FINDS AS FOLLOWS:**

1. This case involves third party claims under N.C.G.S. § 97-10.2(j).

2. N.C.G.S. § 97-10.2(j) authorizes judicial determination of the lien amount for employers who have provided workers' compensation benefits in cases where a plaintiff later settles against a third-party defendant. The statute provides, in pertinent part, that "[i]f the matter is pending in the federal district court such determination may be made by a federal district court judge of that division."

3. Plaintiff has settled his claims against Defendant for the amount of $400,000.00 (four hundred thousand dollars).

4. The workers' compensation lien under N.C.G.S. § 97-10.2(j) has been compromised between Plaintiff and his employer, Grant & Holden, Inc., and its insurer, Forestry Mutual Insurance Company, such that from the said settlement the sum of $25,000.00 (twenty-five thousand dollars) shall be sent to Forestry Mutual Insurance Company in satisfaction of its claim of lien on the proceeds from this settlement under N.C.G.S. § 97-10.2(j).

5. Counsel for Plaintiff has incurred costs associated with the handling of the civil action. The law firm of Davis Law Group, PA, has incurred costs in the amount of $28,015.85 as reimbursements for costs advanced to-date in this matter. The Harper Law Firm, PLLC, has incurred costs in the amount of $11,655.48 as reimbursements for costs advanced to-date in this matter. Reimbursement of these costs out of the settlement is fair, reasonable, and appropriate.

6. Counsel for Plaintiff has spent and continues to spend considerable effort and time in the handling of this matter, both before the filing of this litigation, and thereafter, and attorney's fees in an amount up to and including 40% of the gross recovery by Plaintiff is fair and appropriated. The Court orders that such fees be deducted from the gross recovery of Plaintiff and paid to counsel for Plaintiff.

7. The remaining amount of $175,328.67 shall be paid to Plaintiff, Everett C. Sellers.

8. No further Order is necessary to disburse the proceeds from this settlement.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. This case involves third party claims under N.C.G.S. § 97-10.2(j).

2. Plaintiff has settled his claims against Defendant for the amount of $400,000.00 (four hundred thousand dollars).

3. The workers' compensation lien under N.C.G.S. § 97-10.2(j) has been compromised between Plaintiff and his employer, Grant & Holden, Inc., and its worker's compensation carrier, Forestry Mutual Insurance Company, such that from the said settlement the sum of $25,000.00 (twenty-five thousand dollars) shall be sent to Forestry Mutual Insurance Company in satisfaction of its claim of lien on the proceeds from this settlement, under N.C.G.S. § 97-10.2(j).

4. Counsel for Plaintiff has incurred costs associated with the handling of the civil action. The law firm of Davis Law Group, PA, has incurred costs in the amount of $28,015.85 as reimbursements for costs advanced to-date in this matter. The Harper Law Firm, PLLC, has incurred costs in the amount of $11,655.48 as reimbursements for costs advanced to-date in this matter. Reimbursement of these costs out of the settlement is fair and appropriate.

5. Counsel for Plaintiff has spent and continues to spend considerable effort and time in the handling of this matter, both before the filing of this litigation, and thereafter, and attorney's fees in an amount up to and including 40% of the gross recovery by Plaintiff is fair and appropriate. The Court orders that such fees be deducted from the gross recovery of Plaintiff and paid to counsel for said Plaintiff.

6. The remaining $175,328.67 shall be paid to Plaintiff, Everett C. Sellers.

7. No further Order is necessary to disburse the proceeds from this settlement.

8. To this extent, Plaintiff's Motion to Determine Workers' Compensation Lien pursuant to N.C.G.S. § 97-10.2(j), (Doc. No. 47), is **GRANTED**.

**IT IS SO ORDERED.**

Signed: March 25, 2020



Max O. Cogburn Jr
United States District Judge

CONSENTED TO:


/s/ Brian F. Davis                              /s/ John H. Ruocchio
Brian F. Davis                                  John H. Ruocchio
DAVIS LAW GROUP, PA                             Lewis & Roberts, PLLC
1 North Pack Square, Suite 412                  3700 Glenwood Avenue, Suite 410
Asheville, NC 28801                             Raleigh, NC 27612
Telephone: (828) 279-7799                       Telephone: (919) 981-0191
*Co-Counsel for Plaintiff*                      *Attorney for Grant & Holden, Inc.*



/s/ Joshua O. Harper
Joshua O. Harper
THE HARPER LAW FIRM, PLLC
P.O. Box 395
1336 Savannah Drive
Sylva, NC 28779
Telephone: (828) 586-3305
*Co-Counsel for Plaintiff*